Filing # 90032218 E-Filed 05/23/2019 02:34:12 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

TONY RENTA JR.,

    Plaintiff,

v.                                 Case No.:

MAGNOLIA TOWERS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TONY RENTA JR., by and through undersigned counsel, brings this action against Defendant, MAGNOLIA TOWERS, INC., and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 et seq.

2. Venue is proper in Orange County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Orange County, Florida.

4. Defendant operates an affordable rental retirement community in Orlando, in Orange County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

**COMPOSITE EXHIBIT "A"**

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

15. Plaintiff began working for Defendant as a director of maintenance on March 19, 2007, and he worked in this capacity until June 1, 2018.

16. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

2

17. Specifically, Plaintiff was a salaried employee during the first ten (10) years of his employment. However, in 2016, Defendant changed Plaintiff to an hourly employee and failed to play Plaintiff hours worked in excess of forty (40) within a work week.

18. Plaintiff's position is not exempt from the overtime provisions of the FLSA.

19. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

20. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

24. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

　　a)　Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

　　b)　Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

　　c)　An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of May, 2019.

Respectfully submitted,

*/s/ Matthew K. Fenton*

**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**Wenzel Fenton Cabassa, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-223-6413
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

4