# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TONY RENTA, JR.,**

      **Plaintiff,**

v.                                                   **Case No:   6:19-cv-1202-Orl-37EJK**

**MAGNOLIA TOWERS, INC.,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on the parties' Joint Motion for Approval of Proposed Amended Settlement (the "Motion"), filed January 17, 2020. (Doc. 18.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.  BACKGROUND**

In May 2019, Plaintiff, Tony Renta, Jr., initiated this case against Defendant, Magnolia Towers, Inc., pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219 (2017), in Orange County Circuit Court. (Doc. 1-1.) Defendant then removed the case to this Court on July 1, 2019. (Doc. 1.) The Complaint alleges that Plaintiff worked as a director of maintenance for Defendant at its rental retirement community in Orlando, Florida, from November 2007 to June 1, 2018. (Doc. 1-1, ¶¶ 4, 9, 15.) During the first ten years of his employment, Plaintiff was a salaried employee, but in October 2016, he was reclassified as an hourly employee. (Doc. 1-1, ¶ 17; Doc. 14, ¶ 3). The parties assert that the primary issue in dispute is Plaintiff's claim that he was denied overtime payments when he worked through his lunch period after his reclassification as an hourly employee in October 2016 through the date of his departure on June 1, 2018. (Doc. 14, ¶¶ 3, 4.)

Plaintiff's Complaint asserts a single count for willful violation of the FLSA and seeks unpaid overtime compensation pursuant to 29 U.S.C. § 207. (Doc. 1-1.) Defendant filed an answer disputing the validity of Plaintiff's allegations and the amount of damages claimed. (Doc. 2.) The parties quickly narrowed the issues, negotiated a compromise and settlement of Plaintiff's claims, and filed a motion for approval of their first settlement agreement on August 22, 2019, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Doc. 14.)

I denied the motion without prejudice because the first settlement agreement contained a provision indicating that Plaintiff was releasing both FLSA-related and non-FLSA-related claims, without separate consideration for the non-FLSA-related claims. (Doc. 17 at 4–6.) This type of release (called a "general release") runs afoul of the FLSA because it attempts to release claims unrelated to those presented by Plaintiff's Complaint without justification or additional compensation. I gave the parties until January 23, 2020 to file a renewed motion along with a settlement agreement, which they timely filed. (*Id.* at 6; Doc. 18.)

**II.     STANDARD**

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207

prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350,1354–55. If a settlement is not supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

### III.   DISCUSSION

**A.   Settlement Sum**

According to the Agreement, Defendant has agreed to pay Plaintiff a total amount of $4,000.00, consisting of $2,000.00 in overtime wage compensation and $2,000 in liquidated damages. (Doc. 18 at 2). In response to the Court's order to provide the amount of overtime compensation Plaintiff initially sought (Doc. 15), Plaintiff indicated that he originally claimed overtime compensation of approximately $14,043.00. (Doc. 16, ¶ 1.) Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*, 679 F.2d at 1354–55.

---

[1] *See Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981 are binding on the Eleventh Circuit).

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid minimum wages … in an additional equal amount as liquidated damages."). On review, I find the $4,000.00 Plaintiff has agreed to accept in satisfaction of his claims to be fair and reasonable in comparison to Plaintiff's original claim, considering that both parties are represented by counsel and wish to avoid the risk and expense of further litigation. I also find this amount fair in relation to the nature of the dispute between the parties contesting the amount of overtime payments Plaintiff was denied when he worked through his lunch period. Thus, I find that the settlement sum represents a fair resolution of a *bona fide* dispute between the parties and that Plaintiff has not unfairly compromised his claim.

**B.     Attorney's Fees**

Plaintiff's attorney will receive a total of $4,004.90 for fees and costs. (Doc. 18 at 2.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The parties represent that this amount was negotiated separately from the amount received by Plaintiff and the settlement is otherwise reasonable on its face; therefore, further review is not required. (Doc. 45 at 2); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

## C. Release

The first agreement contained a pervasive and overly broad release (*see* Doc. 14-1, ¶ 3), resulting in denial of the original joint motion for settlement approval (Doc. 17 at 5–6). Subsequently, the parties filed the Motion, containing an amended settlement agreement with the following release provision:

> With the exception of the obligations arising under this Agreement, Renta hereby irrevocably and unconditionally releases and forever discharges Magnolia Towers **of and from any wage and hour or related claims that arise out of the facts alleged in the Lawsuit**. Renta further covenants and agrees not to sue Magnolia Towers for any of the Claims released herein and agrees that if he does so he shall be in material breach of this agreement. Renta hereby represents and warrants that he has the full and complete power and authority to grant the release of Claims contained herein, that there have been no assignment of any Claims of Renta against Magnolia Towers, and that there are no other Parties who are entitled to assert any of the Claims released herein.

(the "Release") (Ex. A, Doc. 18, ¶ 3.)

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352.

Unlike *Moreno*, however, the Release here passes judicial scrutiny because it does not require Plaintiff to release unknown claims that are *unrelated* to his overtime wage claim in this case, and it is limited only to Defendants. *Evans v. Wasser*, No. 8:18-cv-1942-T-36CPT, 2019 WL 2504619, at *2 (M.D. Fla. May 29, 2019), *report and recommendation adopted*, 2019 WL 2503192 (M.D. Fla. June 17, 2019); *Quinones v. Siemens Indus., Inc.*, No. 6:15-cv-1068-ORL-

28TBS, 2016 WL 11579796, at *2 (M.D. Fla. Oct. 25, 2016), *report and recommendation adopted*, 2016 WL 11579809 (M.D. Fla. Oct. 27, 2016).

## IV.   RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the parties' Joint Motion for Approval of Proposed Amended Settlement (Doc. 18);

2. **APPROVE** the Settlement Agreement (Ex. A, *Id.*);

3. **DISMISS** the case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 27, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record